975 F.2d 868
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Gustavious MASSIAH, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3201.
 United States Court of Appeals, Federal Circuit.
 July 9, 1992.
 
 Before PAULINE NEWMAN, Circuit Judge, SKELTON, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Gustavious Massiah appeals from the December 3, 1991 decision of the Merit Systems Protection Board, Docket No. NY0752910484-I-1, affirming the United States Postal Service's removal of Ms. Massiah from her position as a Personnel Assistant. We affirm.
 
 DISCUSSION
 
 2
 Ms. Massiah was removed based on several charges including that she (1) created a disturbance in her work area; (2) used abusive language and was disrespectful to her fellow employees, supervisors and the Postmaster; and (3) threatened her fellow workers. Ms. Massiah argues on appeal that the penalty imposed was discriminatory and excessive and that the Board failed to take into account mitigating factors, including a psychiatric examination performed after the effective date of her dismissal.
 
 
 3
 The Administrative Judge (AJ) sustained the charges that Ms. Massiah had created a disturbance, based on credibility assessments of witnesses. The AJ found the testimony of the five postal employees to be consistent and credible, while Ms. Massiah's denials that she made profane and threatening statements were found not credible.
 
 
 4
 The AJ concluded that the deciding official considered the appropriate factors under Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981), in making his penalty determination. The deciding official weighed the seriousness of the misconduct charges, the nature of Ms. Massiah's threat, the disruption of the office's work by her outbursts, and her prior disciplinary actions, including an attempted assault against a supervisor and her insubordination and abusive language to another supervisor. The deciding official also considered Ms. Massiah's twenty-seven years of service and satisfactory performance evaluations. The deciding official observed that Ms. Massiah was given a chance to reform her conduct after the attempted assault and was transferred to another location, but that she continued her erratic behavior at her new assignment.
 
 
 5
 The AJ considered the defenses raised by Ms. Massiah, and found that she failed to prove any defense by a preponderance of the evidence. On appeal to this Court, our review of the issue of discriminatory or disparate treatment in the penalty imposed shows that the AJ's ruling was within its discretionary authority. The facts and circumstances of offenses committed by others, which Ms. Massiah offered to prove disparate treatment, were different from the offenses herein.
 
 
 6
 Ms. Massiah states that she was entitled to rehabilitation under the Employee Assistance Program (EAP). A psychiatric evaluation of Ms. Massiah was performed after her dismissal, and received into the record by the AJ. Although Ms. Massiah now argues that the Board did not take this evaluation into account, an attempt to question Ms. Massiah on cross-examination regarding the report was objected to by Ms. Massiah's attorney and sustained by the AJ. Thus the Board's decision is not subject to reversal on this ground.
 
 
 7
 Ms. Massiah criticizes her attorney's "unethical behavior", stating that it left her without representation. We are unable, on the record before us, to evaluate that behavior. Insofar as the proceedings before the Board are concerned, Ms. Massiah is bound by her representative's conduct, absent a clear showing of incompetent or adverse representation, a showing that has not here been made.
 
 
 8
 The Board's decision must be affirmed unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). No reversible error having been shown, the Board's decision is affirmed.